## BROWN *v.* CHURCH and others.

*(District Court, S. D. New York.* November, 1880.)

1. ACTION TO RECOVER PENALTIES—REV. ST. § 4963—INDORSEMENT—REFERENCE TO STATUTE—PRACTICE.

In an action to recover penalties incurred under Rev. St. § 4963, relating to copyright, the summons was indorsed as follows: "For $2,500 debt for a penalty imposed by title 60, c. 3, of an act of congress entitled 'An act to revise the statutes,' etc., approved June 20,

1874," and from the complaint served the nature of the action fully appeared.

*Held,* that the indorsement was sufficiently definite and certain to notify the defendant of the statute upon which suit was brought.

That, although it misdescribed the date, there was a sufficient reference to the "Act to revise and consolidate the statutes of the United States," etc., approved June 20, 1874, it appearing that the provisions imposing the penalty sued for were found in title 60, *c.* 3, of that act, and that it was the only act of congress containing a title 60 and chapter 3.

Also *held,* that the indorsement substantially complied with the rule of practice (*Brown* v. *Pond, supra,* 31) and that the defendant was not misled by the error of date.

*Charles N. Judson* and *E. H. Bien,* for defendant.

*Kobbe & Fowler,* for plaintiff.

CHOATE, D. J.   This is a suit to recover penalties incurred under Rev. St. § 4963, for marking as copyrighted articles subject to copyright for which no copyright had been obtained. The complaint has been served, from which the nature of the action fully appears.   A motion is now made to set aside the summons as irregular and unlawful on the ground that it was not duly indorsed with a reference to the statute imposing the penalties.   The indorsement was as follows: "For $2,500 debt for a penalty imposed by title 60, *c.* 3, of an act of congress entitled 'An act to revise the statutes,' etc., approved June 20, 1874."   It is objected that no such act as is here described or referred to was approved on the twenty-second day of June, 1874, and that this is not a sufficient reference to the "Act to revise and consolidate the statutes of the United States," etc., approved June 20, 1874.   The act last referred to contains in title 60, *c.* 3, relating to "copyrights," the provisions imposing the penalties sued for.   The act is evidently misdescribed as respects the date of its approval, but the reference to it by the other descriptive terms is, I think, sufficiently certain and definite to give the defendant notice of the statute under which he is sued.   The requisites of the notice on the summons, in order to be in substantial compliance with the statute of New York, are fully considered in the case of *Brown* v. *Pond,* [*supra,* 31,] heretofore decided, and within the decisions cited in that case.   I think it is clear

that there was in this case a substantial compliance with the rule of practice, and that the error of date is immaterial and cannot have misled the defendant. In fact, there is no other act of congress containing a title 60, *c. 3.* except that approved June 20, 1874, and that act is sufficiently and properly referred to as an "Act to revise the statutes," etc.

Motion denied.